THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: | Case No. C10-0927RAJ |
| MICHAEL MASTRO, | ORDER |
| Debtor. | |
| JAMES F. RIGBY, JR., Trustee, solely in his capacity as Chapter 7 trustee of the bankruptcy estate of Michael R. Mastro, | |
| Plaintiff, | |
| v. | |
| MICHAEL R. MASTRO et al.; | |
| Defendants. | |

This matter comes before the Court on Terry L. Durst and Diana L. Durst, *et al.*'s Motion to Appeal (Dkt. # 1) and Plaintiff's Opposition (Dkt. # 2).  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion to appeal for the reasons explained herein.

**I.      BACKGROUND**

The underlying action is an adversary proceeding in bankruptcy court, which has not yet reached final resolution.  Terry L. Durst and Diana L. Durst, husband and wife;

ORDER
PAGE - 1

1  the Durst Living Trust; and the John J. Durst Living Trust (collectively, "the Dursts")
2  sought leave to intervene, which the bankruptcy judge denied. (Order Denying Mot. to
3  Intervene (Dkt. # 1-2 at 8–9).)  The Dursts seek leave to appeal the order denying them
4  permission to intervene.

5        The Dursts's purported interest in the adversary proceeding is as follows.
6  Michael Mastro's bankruptcy estate contains a particular piece of real property, which
7  the parties refer to as the Medina Residence, on which there is a $12 million Deed of
8  Trust.  The Deed of Trust itself identified Concept Dorssers, one of the defendants in
9  the adversary proceeding, as the sole beneficiary.  The Dursts claim an interest in the
10 property based on a letter agreement they entered after the execution of the Deed of
11 Trust.  (Opp. 3–4 (Dkt. # 2).)

12       The Dursts initially assumed that their interests would be protected by Concept
13 Dorssers and its attorneys. (Mot. 3 (Dkt. # 1-1).)  Then, the Dursts believed that the
14 attorneys representing Concept Dorssers withdrew. (*Id.* at 4.) The Dursts became
15 concerned that Concept Dorssers would no longer protect their interests, and sought
16 leave to intervene. (*Id.*) Although the Dursts maintain in their motion that the
17 withdrawal of counsel means that Concept Dorssers will no longer adequately protect
18 the Dursts's interests, (*see id.* at 7–8), a review of the bankruptcy docket reveals that
19 Concept Dorssers obtained new counsel, and is currently represented by John J.
20 Tollefson of Tollefson Law.  (Opp. 7 (Dkt. # 2); Withdrawal and Substitution of
21 Attorney (C09-1439-SJS, Dkt. # 194).)  Plaintiff has drawn this fact to the Dursts's
22 attention twice.  (Opp. 7 (Dkt. # 2); Opp. 7–8 (C09-1439-SJS, Dkt. # 224).)

23       **II.    STANDARDS OF REVIEW**

24       The Order denying the Dursts permission to intervene is only appealable as an
25 interloctury order with leave of this Court.  *See* 28 U.S.C. § 158(a); *see also In re*
26 *Kashani*,

ORDER
PAGE - 2

190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) (an interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter).  Because an appeal under § 158(a) is appealable "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts," leave to appeal should only be granted if they meet the criteria in 28 U.S.C. § 1292(b). *See* 28 U.S.C. 158(c)(2); *Kashani*, 190 B.R. at 882.  Thus, granting leave to appeal is only appropriate if "the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *Kashani*, 190 B.R. at 882.

Generally, leave to intervene is governed by Federal Rule of Civil Procedure 24(a), under which an applicant is entitled to intervention as of right upon showing that: (1) the application for intervention is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  In general, courts construe Rule 24(a) liberally in favor of potential intervenors, but the burden is on the intervenors to demonstrate all four prongs. *See Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir.1995); *see also United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002).[1]

---

[1] The Dursts did not move for permissive intervention under Rule 24(b).

ORDER
PAGE - 3

### III.  ANALYSIS

The Court finds that the Dursts have not demonstrated that the order denying them permission to intervene involves a "controlling question of law where there is substantial ground for difference of opinion." *Kashani*, 190 B.R. at 882.

The main reason that the Dursts wanted to intervene in the adversary proceeding was their erroneous belief that Concept Dorssers was no longer represented by counsel. Inadequacy of representation is, of course, one of the four necessary prongs that an applicant must satisfy before being granted intervention as of right. *See Forest Conservation Council*, 66 F.3d at 1493.  The Dursts admit that they believed that Concept Dorssers would adequately represent their interests when it had an attorney. (*See* Mot. 3 (Dkt. # 1-1).)  Concept Dorssers has a new attorney, and the Dursts fail to acknowledge this, much less to explain how the new attorney somehow renders Concept Dorssers unable to represent their interests.

There is no "substantial ground for difference of opinion" that would support a grant of leave to appeal.  It is clear from the bankruptcy docket that Concept Dorssers is, in fact, represented by John Tollefson.  The Dursts give the court no reason to come to a different conclusion.

### IV.  CONCLUSION

For the foregoing reasons, the Dursts's Motion to Appeal (Dkt. # 1) is DENIED. The clerk shall DISMISS this appeal.

DATED this 30th day of June, 2010.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge